NO. 07-11-0320-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 28, 2012

_____

RANDALL DAVID WOODARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,640-B; HONORABLE JOHN B. BOARD, PRESIDING

_____

***Anders Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Randall David Woodard appeals his convictions for possession of a controlled substance and tampering with evidence. Pursuant to a guilty plea, but without benefit of an agreed recommendation from the State as to punishment, the trial court found the evidence substantiated a finding of guilt and assessed punishment at two years in state jail for the possession offense and five years in the Institutional Division of the Department of Criminal Justice for the tampering offense.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief in which he certified that, after diligently searching the record, he concluded that the appeal was without merit.  Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a reponse or brief *pro se.*  By letter dated January 20, 2012, this court also notified appellant of his right to tender his own brief or response and set February 20, 2012, as the deadline to do so.  To date, appellant has filed neither a response, brief, or request for an extension of time.

In compliance with the principles enunciated in *Anders,* appellate counsel discusssed one potential area for appeal.  It involves the punishment assessed by the trial court.[2]  However, counsel has satisfactorily explained why the argument lacks merit.

We have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).  We have noted that in both judgments, court costs were assessed against appellant and that those costs included attorney's fees of $900.  There is no evidence in the record that appellant has the ability to pay those attorney's fees so their assessment against him was error.  *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010).

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]The trial court admonished appellant that both offenses were second degree felonies after enhancement.  However, before the plea hearing ended, the court determined that the possession offense was a state jail felony which could not be enhanced by the offense in the indictment.

Accordingly, the motion to withdraw is granted. The judgments are modified to delete any obligation to pay attorney's fees and, as modified, are affirmed.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3]Appellant has a right to file a petition for discretionary review with the Court of Criminal Appeals.